T.C. Summary Opinion 2001-61


UNITED STATES TAX COURT


SHAWNEE E. TEFTELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13578-99S.                    Filed April 23, 2001.


<u>David R. Reid</u>, for petitioner.

<u>James A. Kutten</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1993 in the amount of $2,072.

After a concession by respondent,[1] the issues remaining for decision are: (1) Whether settlement proceeds received in 1993 by petitioner are includable in gross income arising from her employment or are gross receipts or sales income reportable on Schedule C, Profit or Loss From Business; (2) whether legal fees and costs associated with the settlement are itemized deductions properly claimed on Schedule A, Itemized Deductions, or ordinary and necessary business expenses deductible on Schedule C; and (3) whether a payment of $3,728.65 to petitioner's former spouse, Steven E. Anderson (Mr. Anderson), is deductible on petitioner's Schedule C. The first two issues turn on whether petitioner was an independent contractor for the period August 14, 1987, through February 29, 1988.

Background

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Hillsboro, Illinois.

Petitioner specializes in the field of modeling. She has an associate's degree and about 5 years of internal training with

---

[1] Respondent concedes that for 1993, petitioner is entitled to deduct additional Schedule C, Profit or Loss From Business, expenses of $2,740, which were raised for the first time at trial, for "Shawnee Studios", a modeling consulting service in business during 1993.

Model Merchandising, Inc. (MMI) of New York. Beginning in 1983, petitioner was employed by Gilbert Gans (Mr. Gans) in a modeling agency located in St. Louis, Missouri. While under Mr. Gans' employment, petitioner was trained in various aspects of the modeling business. During all relevant times, Mr. Gans' modeling agency was associated with other entities and franchise holders, including, inter alia, MMI, Community Vocational Schools of Louisiana, Inc., Model Management, Agency, Inc., National Educational Acceptance Corporation, and Community Vocational Schools, Inc.

From August 1987 through April 1988, petitioner moved to New Orleans, Louisiana, to operate a modeling studio known as John Casablancas Career Center (studio). The record is unclear regarding to what extent the studio was owned by Mr. Gans individually, or with an associated group of entities.

Also in August 1987, petitioner, Mr. Anderson, Mr. Steve Brown (Mr. Brown), and Mr. Gary Knox (Mr. Knox) began the formation of an entity known as Neena Mosha,[2] for the purpose of purchasing the studio from Mr. Gans and/or his other associated entities.[3] Petitioner testified that a sales contract for the

---

[2]     Neena Mosha means "little sweetheart" in the Cherokee language.

[3]     The record is unclear as to the intended entity petitioner, Mr. Anderson, Mr. Brown, and Mr. Knox were attempting to form, or whether the formation process was completed.

purchase of the studio was drafted and reviewed by the Neena Mosha "investors". Petitioner recalled seeing the draft on two occasions; however, the draft of the sales contract was destroyed during a home fire and was never executed by the interested parties.

In New Orleans, petitioner used an office apartment to conduct business for the studio. Petitioner testified that a business telephone line was installed, and any pertinent business correspondence was mailed and received at that location. Petitioner offered consulting services to Avante Studios in Cedar Rapids, Iowa, and Franchise Business International in Los Angeles, California.

Around April of 1988, Neena Mosha's "investors" began to experience some difficulties: petitioner and Mr. Anderson were having marital problems, and Mr. Knox and Mr. Brown became unavailable due to personal tax problems. Petitioner ceased operations in New Orleans, and the studio was not purchased from Mr. Gans. A dispute arose between petitioner and Mr. Gans as to payment for the services petitioner rendered. On August 28, 1988, petitioner (formerly known as Shawnee Anderson) filed a civil lawsuit against Community Vocational Schools of Louisiana, Inc., Model Management Agency, Inc., National Educational Acceptance Corporation, Community Vocational Schools, Inc., and Gilbert J. Gans, in the Circuit Court of St. Louis County,

Missouri, case No. 582034 (collectively Mr. Gans and his related businesses).

Petitioner and Mr. Gans and his related businesses executed a written Release and Settlement Agreement on April 5, 1993. A settlement check of $15,000 (settlement award), payable to petitioner and her attorney William Moench (Mr. Moench), was issued pursuant to the Release and Settlement Agreement on June 2, 1993. Petitioner's attorney's fees were $6,542.70 ($5,000 plus $1,542.70 costs). Petitioner received two checks from Mr. Moench's client trust account, dated June 17, 1993, of $3,728.65 and $4,728.65. The first check payable to petitioner was earmarked for "Steve Anderson interest in Gans settlement" and allegedly paid to Mr. Anderson.

Previously, on March 2, 1989, petitioner filed a petition for dissolution of her marriage to Mr. Anderson, in the Circuit Court of the Sixth Judicial District of Macon County, Illinois. Petitioner's Judgment of Dissolution of Marriage (dissolution judgment) was issued on February 7, 1990.

Petitioner filed her 1993 Federal income tax return on October 17, 1994. The settlement proceeds were not reported thereon, nor were corresponding deductions claimed for attorney's fees and costs or payments to Mr. Anderson. An amended income tax return, Form 1040X, was allegedly prepared and signed by the return preparer and petitioner on or about December 27, 1997.

Respondent does not have an original or copy of the Form 1040X on file with the Internal Revenue Service. At trial, petitioner gave a second Form 1040X, signed on March 6, 2000, to respondent. Petitioner reported the settlement proceeds of $15,000 on her Schedule C, as gross income, on each Form 1040X. Petitioner further deducted, on each Form 1040X, attorney's fees and costs, related to the litigation, under legal and professional services on Schedule C. However, on the Form 1040X signed on March 6, 2000, petitioner further deducted an amount paid to Mr. Anderson from the settlement award.

In a notice of deficiency, respondent determined that settlement proceeds of $15,000 received by petitioner were fully includable in gross income and attorney's fees and costs associated with the litigation were Schedule A miscellaneous itemized deductions, subject to the 2-percent limitation under section 67. Lastly, respondent determined that petitioner is not entitled to deduct payments made to her former husband from the settlement award.

Independent Contractor or Employee

To determine whether a taxpayer is an independent contractor or an employee, common-law rules apply. See Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995). Courts consider various factors to determine whether an employment relationship exists between the

parties, including: (1) The degree of control exercised by the principal; (2) which party invests in work facilities used by the individual; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believed they were creating. See id. All the facts and circumstances of each case should be considered. See id.

The right of control is ordinarily the crucial factor in determining whether an employer-employee relationship exists. See Matthews v. Commissioner, 92 T.C. 351, 361 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990). To retain the requisite control over the details of an individual's work, the principal need not stand over the individual and direct every move made by the individual. See Weber v. Commissioner, supra at 388.

Petitioner failed to establish that she had sufficient control over the type of work or services she performed for Mr. Gans and his related businesses at the time the services were rendered to be classified as an independent contractor. There is scant evidence in this case besides petitioner's own testimony. It is well settled that we are not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence. See Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992). Furthermore, the record is unclear as to the nature of

her relationship with Mr. Gans and his related businesses.

Petitioner contends that her alleged involvement with Neena Mosha is sufficient to establish that she was not an employee of Mr. Gans and his related businesses, but rather an employee or agent of Neena Mosha.  However, there are no records showing that Neena Mosha was ever formed or that it conducted any viable business.[4]  Petitioner maintains that the documentary evidence was destroyed in the fire.  She seems to further argue that because she had viewed the document on at least two separate occasions before the fire, that should suffice to prove the existence of Neena Mosha, and thus her status as an independent contractor.  We disagree.

Assuming the purported sales contract existed, it is not the only reliable evidence establishing the existence of an entity. The record is severely lacking other forms of documentary evidence corroborating the existence and/or operation of Neena Mosha: for example, business cards; business bank accounts and checks; business stationery; invoices for services rendered; utility bills, including telephone bills; office supply purchases; State business franchise tax filings; or testimony from the alleged "investors" or business associates that Neena Mosha provided consulting services (i.e., Avante Studios and

---

[4]    Petitioner testified that she invested $25,000 in Neena Mosha in 1987 but provided no documentation to prove such investment.

Franchise Business International).

Petitioner next argues that having the right to pick and choose the jobs of her choice demonstrates she had control over her services. However, petitioner failed to establish the details of control she had over any job. For instance, petitioner's services were negotiated in contracts with Mr. Gans and his related businesses, but she failed to produce the contracts at trial. Without the contracts in the record for our review, we cannot assume that petitioner had the requisite control over her services.

Finally, petitioner's argument that consulting for a number of companies demonstrates a lack of continuity in the employer-employee relationship is without merit. In Kelly v. Commissioner, T.C. Memo. 1999-140, this Court found that working for a number of employers during a tax year does not necessitate treatment as an independent contractor.

Petitioner's failure to establish a record with any corroborating evidence militates against her case. Without the contracts before us, between either petitioner and Mr. Gans and his related businesses or petitioner and other companies (i.e., Avante Studios), we cannot find that their provisions corroborate petitioner's claim that she was an independent contractor. In sum, petitioner has not demonstrated that she is entitled to treatment as an independent contractor. Consequently, we find

that petitioner was an employee of Mr. Gans and his related businesses.

## Settlement Award

Based upon the above finding, we must next decide how the settlement award is reportable on petitioner's income tax return for 1993.

At trial, petitioner conceded that the settlement award should be reported on petitioner's 1993 Federal income tax return. However, petitioner contends that it is properly reported as Schedule C income, as reflected on both amended returns, Forms 1040X, rather than as ordinary income.

It is clear that the lawsuit initiated by petitioner against Mr. Gans and his related businesses was for unpaid compensation for services which she rendered. Because petitioner was not an independent contractor during the relevant period, as noted above, she is not entitled to report the settlement proceeds as income on her Schedule C; rather, it is includable in gross income as from other sources.

Respondent is sustained on this issue.

## Attorney's Fees and Costs

To determine whether legal expenditures are business or personal expenditures, one looks to the "origin and character of the claim with respect to which an expense was incurred". United States v. Gilmore, 372 U.S. 39, 49 (1963). "Litigation expenses

are deductible if the suit against the taxpayer 'arises in connection with' or 'proximately results from' the taxpayer's business or profit-seeking activity." O'Malley v. Commissioner, 91 T.C. 352, 362 (1988)(quoting United States v. Gilmore, 372 U.S. at 48).

Although employment-related legal fees are deductible under section 162 or 212, if the taxpayer's trade or business consists of the performance of services as an employee, then the expenses are not deductible from gross income. Instead, they are treated as a miscellaneous itemized deduction, subject to the limitations of section 67(a).

Petitioner contends that she filed the State court lawsuit in her capacity as an independent contractor, individually or on behalf of Neena Mosha, and that the origin and nature of the claim clearly arose in connection with this business activity. See also Silberman v. United States, 40 Fed. Cl. 895 (1998). As noted above, we found that petitioner was an employee of Mr. Gans and his related businesses and not an independent contractor. Therefore, petitioner is not entitled to deduct legal expenses arising from the settlement on her Schedule C but rather her legal fees and costs are deductible on Schedule A as an itemized deduction, subject to limitations.

Settlement Portion to Former Spouse

Petitioner contends that $3,728.65 of the settlement award

was paid to her former husband, Mr. Anderson,[5] pursuant to the dissolution judgment.[6] Petitioner's contention rests on a theory that the litigation against Mr. Gans and his related businesses was brought on behalf of Neena Mosha and Mr. Anderson as partners of Neena Mosha.

We find petitioner's agency argument is without merit. Petitioner was the sole party filing suit against Mr. Gans and his related businesses. The record lacks any corroborating evidence that Mr. Anderson or the other alleged partners of Neena Mosha were involved with the litigation. As discussed above, there is also some doubt that the entity Neena Mosha existed at any time relevant to this case.

Therefore, based upon the entire record, we find that petitioner is not entitled to a deduction of $3,728.65 as payment to Mr. Anderson. Respondent is sustained on this issue.

We have considered all arguments made by the parties, and, to the extent not discussed above, conclude they are irrelevant or without merit.

---

[5] Respondent argues, and we agree, that petitioner has failed to substantiate any payment to Mr. Anderson.

[6] The dissolution judgment stated the following: "That the issue of the lawsuit involving Neena Mosha is reserved." Without further explanation or action by the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois, we find that the dissolution judgment does not mandate, as petitioner suggests, a distribution of a portion of the settlement proceeds to Mr. Anderson in any capacity.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.